Matter of U.S. Bank Natl. Assn. v SBMC Holdings LLC (2019 NY Slip Op 08150)





Matter of U.S. Bank Natl. Assn. v SBMC Holdings LLC


2019 NY Slip Op 08150


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


10251 150183/18

[*1] In re U.S. Bank National Association, etc., Petitioner-Respondent,
v
SBMC Holdings LLC, et al., Respondents-Appellants, DW Partners, LP, et al., Respondents-Respondents. 
Elliott Management Corporation, et al., Objectants-Respondents.


Jenner & Block LLP, New York (Stephen L. Ascher of counsel), for appellants.
Morgan Lewis & Bockius LLP, New York (Susan F. DiCicco of counsel), for U.S. Bank National Association, respondent.
Goulston & Storrs PC, New York (Charles R. Jacob, III of counsel), for DW Partners, LP, respondent.
Venable LLP, New York (Konstantina A. Calabro of counsel), for C-III Asset Management LLC, respondent.
Kasowitz Benson Torres LLP, New York (Michael A. Hanin
of counsel), for M.H. Davidson & Co., Davidson Kempner Partners, Davidson Kempner Institutional Partners, L.P., Davidson Kempner International, Ltd., Davidson Kempner Distressed Opportunities Fund LP, Davidson Kempner Distressed Opportunities International Ltd., Davidson Kempner Long-Term Distressed Opportalities Fund II LP, Davidson Kempner Long-Term Distressed Opportunities International Master Fund II LP, OWS COF I Master, L.P., OWS Credit Opportunity I LLC, One William Street Capital Master Fund, Ltd., Baldr Fund Inc., OWS ABS Master Fund II, L.P. and OWS Credit Opportunity I LLC, respondents.
Wollmuth Maher & Deutsch LLP, New York (Thomas P. Ogden of counsel), for Elliott Management Corporation, Elliott Associates, L.P., Elliott International, L.P., and the Liverpool Limited Partnership, respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about November 15, 2018, which denied the petition brought pursuant to CPLR article 77 for a judicial instruction that the loss of interest on two commercial mortgage loans held by the subject trust must be applied first to reduce the principal balance of the most junior class of certificates in the trust, unanimously reversed, on the law, without costs, the petition granted to the extent of ruling that lost interest was a Realized Loss under Secion 6.6(f) of the Pooling and Servicing Agreement (PSA), and the matter remanded to Supreme Court for further proceedings to calculate the loss allocation.
The court erred in denying the petition on the ground that the trust's governing PSA is ambiguous as to the proper allocation of lost interest (see Greenfield v Philles Records , 98 NY2d 562, 569-570 [2002]).
The issue is governed by Section 6.6(f) of the PSA which unambiguously provides that Realized Losses must first be applied to reduce the principal balance of the most junior class of certificates in the trust, until the principal balance of such class is reduced to zero. Section 6.5 only governs the distribution of cash down the waterfall in sequential order, not the allocation of Realized Losses up in the opposite direction, and the more specific provisions regarding Realized Losses in Section 6.6(f) must control. Moreover, the provisions of the PSA that apply to Real Estate Mortgage Investment Conduit (REMIC) I (which was an internal trust vehicle, as was REMIC II), such as Section 6.6(a), have no application to REMIC III realized losses.[FN1]
However, the parties agree that the proceeding must be remanded to Supreme Court to determine the loss allocations and payment distributions.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK



Footnotes

Footnote 1: REMIC III issued the original certificates and made payment distributions to the investors.